In the Interest of KT a child















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-011-CV

IN THE INTEREST OF K.T., A CHILD

 

From the 18th District Court
Johnson County, Texas
Trial Court # D199906044
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Julie Louise Thomas appealed an order granting her former husband Steven G. Thomasâs
motion to modify the child visitation provisions of their divorce decree. She has now filed a
motion to dismiss her appeal.
Â Â Â Â Â Â Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(1) On Motion of Appellant. In accordance with a motion of appellant, the
court may dismiss the appeal or affirm the appealed judgment or order unless
such disposition would prevent a party from seeking relief to which it would
otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â Appellantâs dismissal motion complies with the requirements of the appellate rules. Appellee
has not filed a response. Accordingly, we dismiss the appeal with costs to be taxed against the
party incurring same.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed February 26, 2003
[CV06]



clear=all style='page-break-before:always'>


APPENDIX A

This
Appendix is from Sickles v. State, No. 10-04-00258-CR (Tex. App.Waco June 15, 2005, order) (not designated for publication)

Â 



ORDER










Â 

Â Â Â Â Â Â Â Â Â  SicklesÂs counsel has filed in this
Court a motion to withdraw as counsel.Â  Counsel attached 1) a letter from
Sickles requesting his withdrawal and 2) a copy of a motion for self
representation signed by Sickles.Â  Sickles also filed a motion to represent
himself on appeal.Â  Both motions are denied.

Â Â Â Â Â Â Â Â Â  Sickles does not have a constitutional
right to represent himself on appeal.Â  See Martinez v. Court
of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 163-64, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000).Â  At least two courts of appeals have
determined that there is no right for an appellant in a criminal case to
represent himself on appeal.Â  See Cormier v. State, 85 S.W.3d
496, 498 (Tex. App.ÂHouston [1st Dist.] 2002, order); see also Crawford
v. State, 136 S.W.3d 417, 418 (Tex. App.ÂCorpus Christi 2004, order).Â  In
determining whether to grant SicklesÂs request for self-representation, we
consider whether the interests of Sickles, the State, and the administration of
justice would be best served by SicklesÂs self-representation.Â  Id.Â  

Â Â Â Â Â Â Â Â Â  Counsel represented in correspondence
that he has done a considerable amount of work on this appeal, but does not
want to jeopardize SicklesÂs right to represent himself on appeal.Â  We have
reviewed the legal materials filed by Sickles and determine that it is in the
best interest of Sickles, the State, and the administration of justice if
Sickles continues this appeal represented by counsel.Â  

Â Â Â Â Â Â Â Â Â  Accordingly, we deny counselÂs request
to withdraw and SicklesÂs motion to represent himself.Â  This appeal will
proceed with Sickles being represented by counsel.Â  SicklesÂs brief is due 25
days from the date of this order.

Â 

Â 

Â Â Â Â Â Â Â Â Â  *
Â(Justice Vance concurs with a note.Â  This order does not fully explain how it
discounts Court of Criminal Appeals authority, cited by counsel, saying that a
defendant has the right to represent himself on appeal.Â  See Webb v.
State, 533 S.W.2d 780, 784-85 (Tex. Crim. App. 1976) (ÂWe hold here that
the right of an accused to reject the services of counsel and instead represent
himself extends beyond trial into the appellate process.Â  . . .Â  Regardless of
the point in the appellate process at which an appellant chooses to assert his
right of self-representation, he will be required to comply with all relevant
rules of appellate procedure set forth in our Code of Criminal Procedure.Â); Hubbard
v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (Â[W]e now hold that
appellant timely asserted his right of self-representation.Â Â  . . .Â Â  We now
remand the appeal to the Court of Appeals and instruct them to direct the trial
court to holdÂ  a hearing during which the trial court must make the appellant
aware of the dangers and disadvantages of self-representation and the trial
court must develop evidence as to whether appellant's apparent decision to
relinquish benefits associated with counsel and to proceed pro se is knowingly
and intelligently made.Â).Â  Cormier notes that these two cases were
decided by the Court of Criminal Appeals before the Martinez case,
decided by the U.S. Supreme Court in 2000, said that the states are clearly
within their discretion to conclude that the government's interests in the fair
and efficient administration of justice outweigh the invasion of the
appellant's interest in self-representation.Â  But Martinez has been
cited by the Court of Criminal Appeals in a footnote.Â  Scheanette v. State,
144 S.W.3d 503, 510 n.2 (Tex. Crim. App. 2004) (Âneither does [Appellant] have
a constitutional right to represent himself on direct appeal.Â).Â  Crawford
says: ÂTherefore, we review requests for self-representation in appeals from
criminal convictions on a case-by-case basis, considering the best interests of
the appellant, the State, and the administration of justice.ÂÂ  Applying those
factors, I concur in the order.)Â

Â 

Â 

END OF APPENDIX A